# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEDRO GASPAR ANDRES-LUCAS,<br><br>　　　　　Petitioner,<br><br>v.<br><br>ALEJANDRO MAYORKAS, Secretary, United States Department of Homeland Security; TAE JOHNSON, Acting Director of U.S. Immigration and Customs Enforcement; MATTHEW ALLEN, Senior Official Performing Duties of the Director of U.S. Immigration and Customs Enforcement; JESUS REYNA, Calexico Assistant Field Office Director, Immigration and Customs Enforcement; and SIXTO MARRERO, Facility Administrator, Imperial Regional Detention Center,<br><br>　　　　　Respondents. | Case No.: 3:21-cv-01121-BEN-WVG<br><br>**ORDER:**<br><br>**(1) SETTING BRIEFING SCHEDULE** and<br><br>**(2) GRANTING PETITIONER'S MOTION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL**<br><br>[ECF Nos. 1, 3] |

## I. INTRODUCTION

Petitioner PEDRO GASPAR ANDRES-LUCAS ("Petitioner") brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (the "Petition") against Defendants ALEJANDRO MAYORKAS, Secretary, United States Department of Homeland Security; TAE JOHNSON, Acting Director of U.S. Immigration and Customs

-1-

Enforcement; MATTHEW ALLEN, Senior Official Performing Duties of the Director of U.S. Immigration and Customs Enforcement; JESUS REYNA, Calexico Assistant Field Office Director, Immigration and Customs Enforcement; and SIXTO MARRERO, Facility Administrator, Imperial Regional Detention Center (collectively, "Respondents"). Petition, ECF No. 1.

Before the Court are Petitioner's (1) Petition for Writ of Habeas Corpus and (2) Motion for Leave to File Documents Under Seal. ECF Nos. 1, 3. After considering the papers submitted, supporting documentation, and applicable law, the Court (1) sets a briefing schedule as outlined in the conclusion of this order and (2) **GRANTS** Petitioner's Motion for Leave to File Documents Under Seal.

## II. BACKGROUND

### A. Statement of Facts[1]

On July 23, 1985, Petitioner was born in Guatemala. ECF No. 1 at 11,[2] ¶ 17. In 1991, at the age of six, he came to the United States to escape the civil war in Guatemala, pursuant to the Nicaraguan Adjustment and Central American Relief Act. *Id.* at 11, ¶¶ 17-20. Petitioner grew up in Vista, California, where he attended elementary, middle, and high school. *Id.* at 11, ¶ 18.

In April 2002, Petitioner became a lawful permanent resident of the United States. ECF No. 1 at 11, ¶ 17. In 2004, he graduated from Vista High School. *Id.* at 11, ¶ 18.

In 2015, Petitioner married his wife, Maria Lopez, a United States citizen. ECF No. 1 at 12, ¶ 21. They have four young children together. *Id.*

Petitioner admits that for a time, he struggled with alcohol addiction, which resulted in him incurring three misdemeanors for driving under the influence ("DUI") in 2009, 2011, and 2014. *Id.* at 12, ¶ 22.

---

[1] The below facts are from the Petition and accepted solely for purposes of setting a briefing schedule.

[2] Unless otherwise indicated, all page number references are to the ECF-generated page number contained in the header of each ECF-filed document.

In 2014, after his third misdemeanor for DUI, Child Protective Services ("CPS") intervened in Petitioner's family, resulting in both Petitioner and his wife losing custody of their children. *Id.* at 12, ¶ 23. Eventually, his wife regained custody of the children. *Id.* at 12, ¶ 24. One day, in April 2017, Petitioner visited his children to bring them ice cream, and alleges that his four-year-old son threw a temper tantrum because he was unhappy with the flavor. *Id.* at 12, ¶ 25. He pleads that he intervened to try to calm his son and discipline him, but his son fell and was injured. *Id.* Based on this alleged accidental and isolated event, Petitioner pled guilty in 2017 to a single count of child endangerment, in violation of California Penal Code § 273a(a). *Id.* Due to Petitioner's prior misdemeanor convictions, and despite Probation's recommendation of formal probation, Petitioner was sentenced to two years in custody. *Id.* at 12-13, ¶ 25.

Petitioner claims that since his 2017 conviction, he has committed to bettering his life and amending his relationships by participating in rehabilitation and parenting classes. ECF No. 1 at 13, ¶ 26. However, in 2018, the Department of Homeland Security ("DHS") issued a Notice to Appear to Petitioner, alleging that his 2017 conviction constituted a "crime of domestic violence, a crime of stalking, or a crime of child abuse, child neglect, or child abandonment" under the Immigration and Nationality Act, 8 U.S.C. § 1226, *et seq. See, e.g.*, 8 U.S.C. § 1227(a)(2)(E)(i) (providing that "[a]ny alien who at any time after admission is convicted of a crime of domestic violence, a crime of stalking, or a crime of child abuse, child neglect, or child abandonment is deportable"); *see also* ECF No. 1 at 13, ¶ 27. Petitioner applied for cancellation of his removal under 8 U.S.C. § 1229(a), based on his many years of residency in the United States and strong family ties. ECF No. 1 at 13, ¶ 27. However, the immigration judge sustained the charge of removability, denied Petitioner's application for cancellation of his removal, and ordered that he be removed to Guatemala. *Id.* Petitioner appealed to the Board of Immigration Appeals (the "BIA") and retained new counsel to handle the appeal, who he alleges made critical errors that resulted in his removal to Guatemala. *Id.* Petitioner then appealed to the Ninth Circuit, but he pleads that his appeal was dismissed after his counsel failed to

pay the filing fee. *Id.* at 14, ¶ 29. He alleges that by the time his attorney moved to reopen the case on January 21, 2020, it was too late, and the DHS had already initiated the removal process. *Id.* He pleads that "the only reason [he] was removed to Guatemala in 2020 and not permitted to stay and challenge his removability was the deficient performance of his counsel." *Id.*

In 2020, two weeks after Petitioner arrived back in Guatemala, he alleges that gang members in his family's hometown began targeting him because he appeared to be from the United States. ECF No. 1 at 14, ¶ 30. He claims that while attempting to travel to another town, he was brutally attacked by gang members at what appeared to be a police checkpoint. *Id.* He alleges that the gang members pulled him out of the taxi and whacked on the head so violently that he lost consciousness. *Id.* He claims he managed to escape his attackers "and fled Guatemala for his life." *Id.* Petitioner admits that "[a]s he had lived in the United States for almost three decades and had no other home country, [he] made the arduous trek to return to the United States." *Id.* However, upon his return, he was apprehended attempting to cross the border. *Id.* Although the DHS issued a reinstatement order, Petitioner was provided a reasonable fear interview ("RFI") because he feared returning to Guatemala, where he had been kidnapped and assaulted. *Id.* at 14-15, ¶ 31. He pleads that following a positive RFI determination, he was placed into withholding-only proceedings. *Id.* However, even though he was found to be credible, on November 6, 2020, his withholding-only relief was denied. *Id.* at 15, ¶ 32. Petitioner appealed this decision, but on June 14, 2020, the BIA denied that appeal. *Id.* On June 14, 2021, the BIA also denied his claims for withholding of removal and deferral against the Convention Against Torture ("CAT"). *Id.*

Petitioner's petition for review at the Ninth Circuit challenging the loss of his lawful permanent resident status is still pending. *See Andres Lucas v. Garland,* Case No. 19-72125 (9th Cir.). He alleges that he has been in civil immigration detention at the Imperial Regional Detention Facility ("Imperial Regional") since May 2020. ECF No. 1 at 8, ¶ 1, 10, ¶ 11. Petitioner asks the Court to (1) issue a writ of habeas corpus and order

Respondents to show cause, within fourteen (14) days of filing of his Petition, why the relief he seeks should not be granted; (2) set a hearing on this matter within 10 days of the response to the order to show cause, pursuant to 28 U.S.C. § 2243; (3) upon conclusion of the hearing, order Petitioner's immediate release, either on his own recognizance or under the least restrictive conditions that are reasonably necessary to ensure his appearance in immigration proceedings; or (4) in the alternative, order a new bond hearing requiring the immigration judge to hold the government to its burden of proof, consider alternatives to detention, and consider other mitigating evidence. ECF No. 1 at 35-36.

### B. Procedural History

On June 16, 2021, Petitioner filed the instant Petition, alleging two claims for relief against Respondents for (1) prolonged detention without a constitutionally adequate hearing in violation of his Fifth Amendment Right to Due Process and (2) freedom from unlawful detention pursuant to his Fifth Amendment Right to Substantive Due Process. Petition, ECF No. 1. Petitioner paid the $5.00 filing fee. *See id.* To date, the records indicate Petitioner has not served Respondents. Also on June 16, 2021, Petitioner filed a motion to file documents under seal, seeking to file the exhibits to his Petition, which were lodged as ECF No. 4, under seal. ECF No. 3.

## III. LEGAL STANDARD

### A. Petition for Writ of Habeas Corpus

A district court "entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

### B. Motion to Seal

Except for certain documents "traditionally kept secret," federal courts begin a sealing analysis with "a strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). A party seeking to seal a judicial record then must "articulate [] compelling reasons supported by specific

factual findings," *id.*, that outweigh the general history of access and the public policies favoring disclosure, such as the "public interest in understanding the judicial process," *Hagestad v. Tragesser,* 49 F.3d 1430, 1434 (9th Cir. 1995). The Court "conscientiously balance[s] . . . the competing interests" of the public and the party who seeks to keep certain judicial records secret. *Foltz,* 331 F.3d at 1135. After considering these interests, if the Court decides to seal certain judicial records, it "base[s] its decision on a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture." *Hagestad,* 49 F.3d at 1434.

"The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana*, 447 F.3d at 1179. A party must satisfy the compelling reasons standard even if the motion, or its attachments, were previously filed under seal or protective order. *Foltz*, 331 F.3d at 1136 ("[T]he presumption of access is not rebutted where . . . documents subject to a protective order are filed under seal as attachments to a dispositive motion."). Further, "[s]imply mentioning a general category of privilege, without further elaboration or any specific linkage with the documents, does not satisfy the burden." *Kamakana*, 447 F.3d at 1184. A party's failure to meet the burden of articulating specific facts showing a "compelling reason" means that the "default posture of public access prevails." *Id.* at 1182.

### IV. DISCUSSION

The Court orders Respondents to show cause as to why the Court should not grant the Petition for a writ of habeas corpus by complying with the briefing schedule at the conclusion of this order.

As for Petitioner's Motion to File Documents Under Seal, Petitioner asks the Court for leave to file Exhibits A through I to his Petition under seal. ECF No. 3 at 2:1-2. He argues that these exhibits contain the personal and confidential information of Petitioner and his family, including passport numbers and other identification numbers, street addresses, personal phone numbers, and personal email addresses. ECF No. 3 at 2:3-5.

He also contends that he suffered persecution in Guatemala and fears retribution for speaking out against his persecutors. *Id.* at 2:5-7.

Rule 5.2 of the Federal Rules of Civil Procedure ("FRCP 5.2"), requires redaction of any court filing that "contains an individual's social-security number, taxpayer-identification number, or birth date, the name of an individual known to be a minor, or a financial-account number." Petitioner argues the exhibits he seeks to seal contain information for which redaction is required under FRCP 5.2(a). The documents he seeks to seal are listed below:

| Exhibit No.: | Description: | Bates No.: |
|---|---|---|
| A | Declaration of Mr. Andres in Support of Habeas Petition | 000001 |
| A-1 | Rehabilitation Certificate from Imperial Regional Detention Facility CA | 000007 |
| B | Declaration of Mr. Andres in Support of Application of Withholding of Removal | 000012 |
| D | Bond Hearing Transcript (2020.12.21) | 000030 |
| F | Order Denying Bond (2020.12.21) | 000045 |
| G | Bond Memorandum Denying Bond (2021.2.8) | 000048 |
| H | Respondent's Evidentiary Submission in Support of Custody Redetermination (2020.12.16) | 000055 |
| H-1 | Identity Document of Mr. Andres | 000061 |
| H-2 | Sponsor Documents from Antonia Andres | 000064 |
| H-3 | Letters of Support and Proof of Legal Status | 000089 |
| H-5 | Evidence of Rehabilitation of Mr. Andres | 000110 |
| H-7 | Documents Relating to Withholding-Only Proceedings | 000133 |
| H-8 | Documents Relating to Concurrent Ninth Circuit PFR | 000146 |
| H-9 | Notification that ICE considers Mr. Andres at High Risk of Sever COVID-19 | 000206 |
| I | DHS Prehearing Submission (2020.11.8) | 000220 |

Upon review of the above documents, the Court finds that the redactions are narrowly tailored and limited to either (1) information Petitioner believes would subject him to physical harm if made publicly available or (2) identifying information of Petitioner or non-party litigants. Given other district courts have lodged under seal the type of documents at issue here as well as the confidential and privileged nature of the

records involved, compelling reasons exist for the Court to exercise its discretion and inherent authority to similarly lodge these materials without redactions under seal. *See, e.g.*, *Zeiger v. WellPet LLC*, --- F. Supp. 3d ---, No. 3:17-CV-04056-WHO, 2021 WL 756109, at *31 (N.D. Cal. Feb. 26, 2021) (granting a motion "to redact individual customers' identifying information, which is plainly sealable and narrowly tail[or]ed"); *Nightingale v. U.S. Citizenship & Immigr. Servs.*, 507 F. Supp. 3d 1193, 1213 (N.D. Cal. 2020), *appeal dismissed sub nom.* No. 21-15288, 2021 WL 3674656 (9th Cir. July 30, 2021) (sealing "certain limited information from ten of the fourteen exhibits, seven of which contain personal identifying information of certain government employees").

## V.   CONCLUSION

The Court **ORDERS** as follows:

1. The Parties shall comply with the following briefing schedule for Petitioner's Petition for a Writ of Habeas Corpus:

   a. The Government shall file and serve a response in opposition to Petitioner's Petition for Habeas Corpus no later than Friday, <u>October 15, 2021</u>. The opposition shall include any documents relevant to the determination of the issues raised in the Petition, including any relevant court transcripts.

   b. If Petitioner chooses to file a traverse, he may do so no later than Monday, <u>November 15, 2021</u>.

2. The Clerk of Court shall serve a copy of the Petition together with a copy of this order on the United States Attorney, or an authorized representative, at 880 Front Street, Room 6293, San Diego, California 92101.

3. Upon filing of the foregoing, the parties shall await further order from this Court.

4. Petitioner's Motion for Leave to File Documents Under Seal is **GRANTED**. Redacted versions of the aforementioned documents have been filed on the public docket as ECF No. 4. The Clerk is directed to file unredacted versions of the documents and exhibits lodged at Docket Number 4 under seal. To the extent either party seeks to rely

on a document previously sealed by this Court, that party is directed to cite the ECF Number and page number of the lodged, sealed document rather than filing a redundant motion to seal the same document.

**IT IS SO ORDERED.**

DATED:   September 1, 2021

_____
**HON. ROGER T. BENITEZ**
United States District Judge